

Hon. Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Rm. 435
New York, NY 10007

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7611
E  Peter.Behmke@hsf.com
www.herbertsmithfreehills.com

Our ref

Your ref

Date
April 22 2021

**VIA ECF**

**Re:**   *VL8 Pool, Inc. v. Glencore Ltd.*,
             Case No. 1:20-cv-02053 (S.D.N.Y.)

Dear Judge Carter:

      This Firm represents Glencore Ltd. ("Glencore").  Pursuant to Rule 2(A) of Your Honor's Individual Practices, we write to request a pre-motion conference concerning Glencore's anticipated motion to dismiss the Amended Complaint (ECF No. 21; "AC") filed by plaintiff VL8 Pool, Inc. ("VL8").

## Background

      This case concerns VL8's attempt to recover consequential damages from Glencore under a contract for the purchase of marine fuel that expressly prohibits the recovery of consequential damages.  As set forth below, the Amended Complaint fails to plead viable claims and it should therefore be dismissed with prejudice.

      In its March 25, 2021 Opinion and Order (ECF No. 20; the "Order"),[1] this Court granted Glencore's motion to dismiss VL8's original Complaint.  The Court dismissed VL8's breach of contract claim because:  (i) the damages sought were consequential losses barred by Section 7(a) of Glencore's GT&Cs; and (ii) VL8 did not plead facts that suggested Glencore was grossly negligent (as argued by VL8) such that the limitation of liability agreed between these sophisticated parties would be unenforceable.  (Order at 6-7).  The Court did not reach

---

[1]    Unless otherwise defined herein, capitalized terms have the meanings set forth in the Order.

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
April 22 2021
Letter to
Hon. Andrew L. Carter, Jr., U.S.D.J.

Glencore's additional argument that the claim should be dismissed because VL8 did not provide timely notice of its claim, as required by the contract and U.C.C. § 2-607(3).

The Court also dismissed VL8's negligence and product liability claims pursuant to the economic loss rule, and granted VL8 leave to amend.  (Order at 7-9).  The Court did not reach the motion directed at VL8's remaining claim, for indemnity and contribution, explaining that the merits of that claim may be impacted by VL8's amendment.  (Order at 9-10).

In its Amended Complaint, VL8 asserts two causes of action:  Count I, for breach of contract (AC ¶¶ 57-65), and Count II, for indemnity and contribution for amounts that VL8 may be required to pay the vessel's owner to satisfy claims under their time charter (AC ¶¶ 66-71).  Neither count is viable.

## I.     Count I (Breach of Contract and Warranty) Should be Dismissed

Count I should be dismissed for three reasons.

*First*, VL8 again argues that the limitation of liability in Section 7(a) of the contract is unenforceable based on a theory of "gross negligence."  To establish gross negligence, VL8 was required to make "nothing short of[] a compelling demonstration of egregious intentional misbehavior evincing extreme culpability:  malice, recklessness, deliberate or callous indifference to the rights of others, or an extensive pattern of wanton acts."  *Morgan Stanley & Co. v. Peak Ridge Master SPC Ltd.*, 930 F. Supp. 2d 532, 544 (S.D.N.Y. 2013) (citation omitted).

The Amended Complaint contains one new fact that is even arguably relevant to Glencore's state of mind at the time of delivery, and it comes nowhere close to meeting this standard.  According to the Amended Complaint, Glencore received notice of a single customer claim related to a marine fuel product sold by Glencore in Balboa, Panama in February 2018 (out of the thousands of barrels sold to scores of customers that month), several days prior to Glencore delivering the marine fuel at issue in this case to VL8 in Houston, Texas.  (AC ¶ 21, Ex. A).  That new pleaded fact does not establish "egregious intentional misbehavior" or an "extensive pattern of wanton acts," and it provides no basis for VL8 to evade the parties' agreed allocation of risk in  their contract.

*Second*, even if Section 7(a) were unenforceable, VL8 cannot recover consequential damages.  VL8 does not plead facts showing that at the time of contracting, "the parties contemplated that [Glencore] would assume liability" for VL8's potential consequential losses



Date
April 22 2021
Letter to
Hon. Andrew L. Carter, Jr., U.S.D.J.

or, "[i]n the absence of any provision for such an eventuality," that Glencore would have agreed to do so if the parties "had . . . considered the subject." *Kenford Co. v. Cty. of Erie*, 73 N.Y.2d 312, 319-20 (1989).  Thus, even if Section 7(a) were completely read out of the contract, VL8's claimed consequential damages would not be recoverable as a matter of law.

*Third*, Section 7(c) of the GT&Cs requires that "[a]ny claim as to the quality of the Marine Fuels delivered" must be sent to Glencore "within thirty (30) days after the date of delivery, failing which, such claim shall be deemed waived and absolutely barred." (AC Ex. E § 7(c)).  After two opportunities, VL8 still cannot plead that it provided timely notice.  For this independent reason, Count I should be dismissed.  *See Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) ("Here, plaintiffs have failed to allege they provided Walgreens with timely notice of the alleged breach of warranty.  Accordingly, plaintiffs' breach of warranty claims are dismissed.").

## II.   Count II (Contribution and Indemnity) Should Be Dismissed Because VL8's Potential Liability to the Vessel's Owner Is Based in Contract

Count II, for contribution and indemnity, should be dismissed because the tort doctrines of indemnity and contribution do not apply where, as here, the plaintiff is seeking to recover for its own contractual liability to a third party.  *See In re M/V DG HARMONY*, 436 F. Supp. 2d 660, 665 (S.D.N.Y. 2006) ("tort indemnity is available if 'a tort has occurred'"); *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 386 n.3 (E.D. Va. 2003) (maritime contribution not available where underlying claims arose "under contract law and . . . there is no possibility of contribution liability, which is a tort-law concept").

We are available at the Court's convenience to further discuss these issues or answer any questions the Court may have.

Respectfully submitted,

*/s/ Peter J. Behmke*

Peter J. Behmke

cc:   All Counsel of Record (via ECF)

3