```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
VL8 Pool, Inc.,                                   :
                                                  :
                        Plaintiff,                :
                                                  :        20-CV-2053-ALC
              -against-                           :
                                                  :        Opinion and Order
Glencore Ltd.,                                    :
                                                  :
                        Defendant.                :
                                                  :
                                                  :
                                                  :
------------------------------------------------------------------ x
```

**ANDREW L. CARTER, JR., United States District Judge:**

This case arises in connection with the sale, supply, and delivery of marine fuel between Plaintiff VL8 Pool, Inc. ("Plaintiff" or "VL8") and Defendant Glencore Ltd. ("Defendant" or "Glencore").[1] This Court previously granted, in large part, Glencore's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and granted VL8 leave to amend the complaint. ECF No. 20 ("Opinion and Order" or "Op."). Plaintiff filed its amended complaint on April 8, 2021, declining to replead Counts II and III for negligence and product liability, respectively. ECF No. 21. Before the Court is Defendant's motion to dismiss the amended complaint. ECF No. 25, 26. The motion seeks dismissal of the remaining two counts—breach of contract and warranty (Count I) and "indemnity and contribution" (Count II). Plaintiff has opposed,

---

[1] This Court retains original jurisdiction over this matter because it is a civil case of admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. The Court is not convinced, however, that Plaintiff has properly asserted diversity jurisdiction as an independent basis for subject matter jurisdiction. The diversity statute stipulates that "district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation." *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) (alterations and citations omitted). Both parties are foreign entities, despite whether Defendant may be registered as a business in New York or have offices in Connecticut.

ECF No. 27, and Defendant has filed its reply. ECF No. 28. The Court considers this motion fully briefed. For the reasons stated herein, Glencore's motion to dismiss is hereby **GRANTED**.

## BACKGROUND

The Court assumes the parties' familiarity with the facts as alleged in the original complaint. *See* ECF No. 20. As relevant here, the amended complaint[2] contains allegations that Glencore obtained contaminated, off-spec, and unfit marine fuel from Valero Marketing and Supply Company ("Valero") for resale, delivery, and distribution to different fuel suppliers and vessels around the world from January 1 through May 31, 2018. Am. Compl. ¶ 15–16. Beginning in January 2018, Glencore would store the fuel it procured from Valero at the BOSTCO Facility—a tank farm facility in La Porte, Texas. *Id.* ¶ 16. VL8 alleges that, at least by February 2018 when two separate vessels in Panama suffered damage while using fuel from Glencore, it was generally well known that Valero-supplied fuel stored at the BOSTCO Facility was contaminated and dangerous. *Id.* ¶ 13–14, 19–21. Glencore nonetheless continued selling the fuel from the BOSTCO Facility to customers, including to VL8 on or about March 11, 2018. *Id.* ¶ 25–26. Glencore "never notified or warned its customers or the end users of its marine fuel products of the known defects in said products" or took steps to investigate or remediate those defects. *Id.* ¶ 23, 56. Initial testing on the specific fuel VL8 obtained for the Vessel[3] from Glencore indicated that the marine fuel was "on-spec." *Id.* ¶ 42.

The Opinion and Order dismissed Count I on the basis that Plaintiff's breach of contract and warranty claim was barred by the contractual limitation of liability in Section 7(a) of the

---

[2] The Court generally accepts the allegations in the amended complaint as true. *See N.Y. Pet Welfare Ass'n v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).
[3] VL8 was the time charterer of the Vessel, which was owned by Delos Shipping Corporation ("Delos"), pursuant to a time charter party agreement ("Time Charter"). *Id.* ¶ 8–9.

2

General Terms and Conditions ("GT&Cs"). Op. at 5–7. The Court reasoned that the exculpatory clause of the GT&Cs was not rendered unenforceable as "VL8 ha[d] not pleaded any behavior by Glencore that, if true, r[ose] to th[e] level" of misconduct that "smacks of intentional wrongdoing," as required under New York law. *Id.* at 6. In doing so, the Court did not reach the issue of whether Count I should be dismissed for Plaintiff's purported failure to provide timely notice. *Id.* at 5. The Opinion and Order also concluded that the limitation on liability barred the contract and warranty claim because VL8 had "only pleaded consequential damages," which category of damages fell squarely within the exculpatory clause, and Plaintiff had "present[ed] no argument that the damages it s[ought] compensate for promised performance." *Id.* at 6–7. Counts II and III for negligence and product liability were also dismissed. *Id.* at 7–9. On "indemnity and contribution," the Court "declin[ed] to reach Count IV, the merit of which may [have been] impacted by amendments" to the other counts. *Id.* at 10.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court also may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## ANALYSIS

The narrow questions for the Court to resolve on this motion are (1) whether VL8 has now adequately pleaded that Section 7(a) is unenforceable such that the contract and warranty claim (Count I) may proceed, and (2) whether the "indemnity and contribution" claim (Count II) ought to be dismissed as inapplicable to or premature in this case. The Court will address each in turn.

### I. Contract and Warranty Claim (Count I)

Because the amendments do not sufficiently plead a basis to invalidate the exculpatory clause at this stage, Count I must be dismissed. As written in the Opinion and Order,

> [T]he New York Court of Appeals has held that "an exculpatory clause is unenforceable when, in contravention of acceptable notions of morality, the misconduct for which it would grant immunity smacks of intentional wrongdoing. This can be explicit, as when it is fraudulent, malicious or prompted by sinister intention of one acting in bad faith. Or, when, as in gross negligence, it betokens a reckless indifference to the rights of others, it may be implicit." Op. at 5-6 (citing

*Kalisch-Jarcho, Inc. v. New York*, 448 N.E.2d 413, 416–17 (N.Y. 1983) (citations omitted)).

Further, "New York courts routinely enforce such liability-limitation provisions, especially when negotiated by sophisticated parties." *Electron Trading, LLC v. Morgan Stanley & Co. LLC*, 157 A.D.3d 579, 580 (2018).

None of the new allegations, when accepted as true, suggest that Glencore engaged in any explicit conduct that was "fraudulent, malicious or prompted by sinister intention." For example, the amended complaint does not allege that Glencore deceived anyone during contract negotiations or "anticipated [its] breach at the time [it] negotiated this limitation of liability clause." *Horowitz v. Nat'l Gas & Elec., LLC*, No. 17-CV-7742 (JPO), 2018 WL 4572244, at *8 (S.D.N.Y. Sept. 24, 2018) (citations omitted).

VL8 also fails to make a plausible showing of implicit wrongdoing. Plaintiff contends that Glencore displayed gross negligence because it had actual or constructive knowledge, at least by February 2018, that the marine fuel stored at the BOSTCO Facility was contaminated and dangerous to use. Rather than take steps to fix the condition of the fuel or inform customers, Glencore continued selling the fuel worldwide. "Gross negligence, however, differs in kind as well as degree from ordinary negligence." *Sutton Park Dev. Corp. Trading Co. Inc. v. Guerin & Guerin Agency Inc.*, 297 A.D.2d 430, 431 (2002) (citation omitted). Plaintiff admits that initial sampling and testing at delivery showed that the specific parcel of marine fuel purchased from Glencore was "on-spec." Am. Compl. ¶ 42. VL8 has not alleged that Glencore needed to do anything more than this initial sampling and testing on this specific batch of fuel. Moreover, the amended complaint identifies only two customers—out of many other vessels and intermediate marine fuel suppliers worldwide that obtained fuel from Glencore over the course of a few months—that reported an alleged problem with the fuel from Valero prior to the date of fuel delivery to VL8. *Id.* ¶ 21–22.

Finally, Plaintiff's brief provides no legal authority, binding or otherwise, for the proposition that the failure to act on two reports of possible contamination, as alleged here, would make a *plausible* showing of gross negligence. Because "[n]otably missing from this [amended] complaint are . . . factual averments alleging conduct of such aggravated character," *Sutton Park*, 297 A.D.2d at 431, the Court declines to find unenforceable "a mutually agreed upon limitation of liability."[4] *Deutsche Lufthansa AG v. Boeing Co.*, No. 06 CV 7667 (LBS), 2007 WL 403301, at *4 (S.D.N.Y. Feb. 2, 2007). Plaintiff's contract and warranty claim (Count I) is therefore dismissed.[5]

## II. Indemnification and Contribution Claim (Count II)

Plaintiff brings a claim for "indemnity and contribution" against Glencore, alleging that Delos, owner of the Vessel, "ha[s] submitted a claim to VL8 related to the[] costs and damages" resulting from use of the Valero-sourced marine fuel and claiming that VL8 is liable for costs and damages under the Time Charter. Am. Compl. ¶ 67–68. The claim is subject to arbitration in London, which has already commenced, and which is governed by English law. *Id.* ¶ 69. Defendant seeks dismissal on two grounds: (1) that indemnity and contribution are tort law concepts that are inapplicable where the potential liability of VL8 is for breach of contract, and (2) the claim is not ripe for adjudication because Plaintiff has not yet been found liable. The Court must dismiss Count II.

### A. Indemnification

---

[4] To the extent that Plaintiff relies on *Goldman* to suggest that knowledge is "a factual issue[] that cannot be decided on a motion to dismiss," *see* Pl.'s Opp. at 16 (citing *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985)), Plaintiff is plainly wrong. The Second Circuit in *Goldman* expressed that the district court was not supposed to weigh evidence outside the complaint and should have determined the Rule 12(b)(6) motion on the legal sufficiency of the complaint. *Id.* Unlike the district court in *Goldman*, the instant opinion does not look at any evidence outside the amended pleadings.

[5] Because the exculpatory clause bars Plaintiff's contract and warranty claim, the Court again need not reach the issue of whether VL8 made timely notice of quality issues.

"Generally, claims involving indemnification obligations are not justiciable until liability has been imposed upon the party to be indemnified." *U.S. Underwriters Ins. Co. v. Orion Plumbing & Heating Corp.*, 321 F.Supp.3d 313, 318 (E.D.N.Y. Mar. 1, 2018) (citing *FSP, Inc. v. Societe Generale*, No. 02-CV-4786 (GBD), 2003 WL 124515, at *4 (S.D.N.Y. Jan. 14, 2003), *aff'd and remanded*, 350 F.3d 27 (2d Cir. 2003), and *adhered to on reconsideration*, No. 02-CV-4786 (GBD), 2005 WL 475986 (S.D.N.Y. Feb. 28, 2005)). "Under New York law, the right to contractual indemnification depends upon the specific language of the contract." *Pilkington v. Tutor Perini Bldg. Corp.*, No. 17-CV-00060 (DF), 2020 WL 1285542, at *11 (S.D.N.Y. Mar. 18, 2020) (quoting *In re Bridge Const. Servs. of Fla., Inc.,* 140 F.Supp.3d 324, 331 (S.D.N.Y. 2015) (alteration and citation omitted)). "A party asserting entitlement to common-law indemnification, or implied indemnity, must first prove itself free from negligence." *Id.* at *15 (citing *Smith v. New York Enter. Am., Inc.*, No. 06-CV-3082 (PKL), 2008 WL 2810182, at *8 (S.D.N.Y. July 21, 2008)). "It is grounded in the principle that everyone is responsible for the consequences of his own negligence, and if another person has been compelled . . . to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him." *Chacko v. Costco Wholesale Corp.*, No. 19-CV-8051 (GWG), 2021 WL 4927733, at *7 (S.D.N.Y. Oct. 22, 2021) (citing cases) (internal quotation marks omitted).

There are multiple grounds for dismissal of the indemnification portion of Count II. It is undisputed that VL8 has not incurred any liability in the London arbitration, so the claim is not justiciable at this time. *See Heating Corp.*, 321 F.Supp.3d at 318. To the extent Plaintiff seeks common law indemnification, it has not "prove[n] itself free from negligence," as the arbitration proceedings are ongoing. *See Pilkington*, at *15. In addition, Plaintiff has not alleged that there is any contract to indemnify between it and Glencore. *Id.* at *11.

### B. Contribution

"[A] party may be entitled to contribution even if it was negligent to some degree, even though, as for a common-law indemnification claim, the party seeking contribution must demonstrate at least some negligence by the party from which contribution is sought." *Id.* (citing *Amguard Ins. Co. v. Getty Realty Corp.,* 147 F.Supp.3d 212, 218 (S.D.N.Y. 2015)). This Court has already dismissed the claims for negligence and product liability against Glencore from the original complaint under Rule 12(b)(6). After being granted leave to amend, Plaintiff chose not to pursue those claims. Because VL8 has failed to demonstrate "at least some negligence" by Glencore, it is therefore not entitled to seek contribution.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the amended complaint is hereby **GRANTED**. Accordingly, this case is dismissed. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 25 and close this case.

**SO ORDERED.**

**Dated**: Dec. 27, 2021
New York, New York

                                        **The Hon. Andrew L. Carter, Jr.**
                                            **United States District Judge**